# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>JUAN DANGELO LEWIS<br>**Date of Original Judgment**: September 23, 2008<br>*(or Date of Last Amended Judgment)* | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 4:07CR1425TLW(1)<br>USM Number: 15639-171<br><br>T. Kirk Truslow, CJA<br>Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

■ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C.§3559(c)(7)

☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Restitution Order (18 U.S.C.§3664)


**THE DEFENDANT:**

■ pleaded guilty to Count(s) <u>one (1)</u> on <u>March 3, 2008</u>.

☐ pleaded nolo contendere to Count(s) on which was accepted by the court.

☐ was found guilty on Count(s) on after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21:846 | Please see indictment | 11/27/2007 | 1 |

The defendant is sentenced as provided in pages 2 through <u>13</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

September 5, 2012
Date of Imposition of Judgment

s/ Terry L. Wooten
Signature of Judge

Terry L. Wooten, United States District Judge
Name and Title of Judge

September 14, 2012
Date

DEFENDANT: <u>JUAN DANGELO LEWIS</u>
CASE NUMBER: <u>4:07CR1425TLW</u> (1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>One Hundred Twenty (120) months</u>.

\*This matter came before the Court on government's motion to reduce sentence pursuant to Rule 35(b) and the Court having granted the same,

**\*IT IS ORDERED** that the previous term of imprisonment of 120 months is hereby **REDUCED**, and the defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred (100) months**. All other conditions shall remain as previously imposed.

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at a.m./p.m. on.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT: <u>JUAN DANGELO LEWIS</u>
CASE NUMBER: <u>4:07CR1425TLW</u> (1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Five (5) years</u>. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions: 1. The defendant shall satisfactorily participate in an approved substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable)

■ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall not commit another federal, state or local crime during the term of supervision.

DEFENDANT: JUAN DANGELO LEWIS
CASE NUMBER: 4:07CR1425TLW (1)

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | | |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

**SEE VICTIM(S) LIST ON THE NEXT PAGE**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ The interest requirement is waived for the ☐ fine and/or ☐ restitution.
    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JUAN DANGELO LEWIS
CASE NUMBER: 4:07CR1425TLW (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ■ Lump sum payment of $100.00 special assessment due immediately, balance due

☐ not later than , or

☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☐ Payments to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence after the date of this judgment; or

D ☐ Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
■ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed  August 20, 2008  and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.:4:07-1425 |
| | ) | |
| vs. | ) | JUDGMENT AND |
| | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE AS TO |
| JUAN DANGELO LEWIS | ) | JUAN DANGELO LEWIS |

1. On November 27, 2007, a Federal Grand Jury in the District of South Carolina returned an Indictment in which the Defendant, JUAN DANGELO LEWIS, was charged with possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2. The Indictment provided, that upon conviction of the Defendant, certain property enumerated therein and below, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 881(a)(11), and 28 U.S.C. § 2461(c).

3. On February 25, 2008, the Defendant, JUAN DANGELO LEWIS, signed a Plea Agreement. The Defendant agreed to forfeit to the United States all of his right, title and interest in and to assets subject to forfeiture pursuant to 21 U.S.C. § 853 and 881(a)(11), and 28 U.S.C. § 2461(c).

4. Based upon the Defendant's guilty plea to violations of 21 U.S.C. §§ 841(a)(1) and 846, testimony and statements in open court, and other matters appearing in the record, the Court has determined that the below-described property is subject to forfeiture, in that such property constitutes, is derived from, and/or traceable to proceeds the Defendant obtained, directly or indirectly, as a result of his

intentional and unlawful violations of 21 U.S.C. §§ 846 and 841(a)(1); and/or represents the value of property used or intended to be used in some manner or part to facilitate felony violations of title 21, United States Code. The Court finds the Defendant has an interest in such property and that this property is, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881(a)(11), and 28 U.S.C. § 2461(c).

5. The Court has further determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offenses for which the Defendant has been convicted; therefore, pursuant to 21 U.S.C. §§ 853 and 881(a)(11), and 28 U.S.C. § 2461(c), the said property shall be forfeited to the United States.

6. The United States is entitled to a judgment of forfeiture and possession of the said property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The Defendant, JUAN DANGELO LEWIS, shall forfeit to the United States all of the Defendant's right, title and interest in and to any and all property, real or personal, tangible and intangible, constituting or derived from proceeds the Defendant obtained directly or indirectly as a result of his violations set-forth above in paragraph 4, specified as follows:

(a) Proceeds:
 (1) $239,700.00, seized from the Defendant
 Asset ID # 07-DEA-481177;

(b) Bank Accounts / Monetary Instruments:
 (1) Certificate of Deposit, Account #02007104570
 Coastal Federal Bank
 In the Name of: JUAN D. LEWIS
 Value: Approximately $12,000.00

(c) Real Property
All rights, titles, and interests of the Defendant in and to the following real properties are hereby forfeited to the United States of America for disposition in accordance with law:

 (1) Lot 26, 5.54 Acres, Dothan Estates East Section I
 Bug Hill Township, Columbus County, North Carolina
 Titled in the name of: JUAN LEWIS

 BEING Lot 26 containing 5.54 acres, more or less, as said Lot26 is shown on a survey for Dothan Estates East Section I, dated May 14, 1998, prepared by Soles & Walker, PA, RLS, with said survey being recorded in Map Book 64 at Page 33, Columbus County Registry, and with said survey being incorporated herewith by reference for further certainty of the description of Lot 26, containing 5.54 acres, more or less.

 This being the same property conveyed to JUAN LEWIS by deed of Chilver C. Wilson and wife, Lorraine Wilson, and Saint Luc Estinviel and wife, Denise Estinviel, dated February 8, 2006, and recorded February 9, 2006, in Book RB 842, at Page 481, in the Office of the Register of Deeds for Columbus County, North Carolina

 (2) 617 Beehive Drive
 Longs, South Carolina
 Horry County, South Carolina
 Titled in the name of: Fronzine V. Lewis

(d) Vehicles:
 (1) 2007 Mercedes Benz S550
 V1N: WDDNG71X57A111336
 Owner: JUAN **LEWIS**
 Asset ID #07-DEA-481174

 (2) 2003 Mercedes G500
 VIN: WDCYR49E03X137010
 Owner: JUAN LEWIS

3

(e)  Personal Property:
(1) John Deere Tractor

2. JUDGMENT IS ENTERED against the Defendant, JUAN DANGELO LEWIS, and in favor of the United States in the amount of $1,000,000.00, together with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

3. The Government will not pursue forfeiture of the following real property, and the criminal allegations of forfeiture as to the said real property are hereby dismissed from the criminal case:

(a) 2476 Sanford Road
Little River, South Carolina
Horry County, South Carolina
TMS #118-00-02-182
Titled in the name of: JUAN LEWIS
Deed Book 3102, Page 197

3. Upon entry, this order becomes final as to the Defendant, JUAN DANGELO LEWIS, and shall be made a part of his sentence and included in the criminal Judgment.

4. This Order shall serve as a Writ of Entry and Inspection, authorizing the United States Marshals Service and their authorized representatives to enter onto and into the premises of the above-described forfeited real properties as necessary for purposes of conducting inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the property until these

4

proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property;

5. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property. The Government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other Counties in which the debtor has either real or personal property, as a lien thereon;

6. Upon payment of the above judgment in full or within the discretion of the United States, the United States shall file with the District Court and the appropriate Clerk of the County in which any transcripts of judgments have been filed, a satisfaction of judgment;

7. Upon entry of this Order, the United States Marshals Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office; to conduct proper discovery in identifying, locating, or disposing of other property that could be used to satisfy the judgment, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights;

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to

adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c). If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2);

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which the interests of all petitioners will be addressed. If there are no third party petitioners claiming an interest in the said forfeited property within the time allotted by law, the within Order shall constitute a final judgment of forfeiture of all interests in favor of the United States, and convey clear title to the said property to the United States, and the property may be disposed of in accordance with law;

12. This Court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

*Terry L. Wooten*
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

August 20, 2008

Florence, South Carolina


**ON MOTION OF:**

W. WALTER WILKINS
UNITED STATES ATTORNEY


By: _____
A. BRADLEY PARHAM
Assistant United States Attorney
401 West Evans Street
P.O. Box 1567
Florence, SC 29503
Telephone: (843) 665-6688


By: _____
JIMMIE EWING
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone: (803) 929-3000


**ATTORNEYS FOR THE UNITED STATES**

**I CONSENT:**

_____
JUAN DANGELO LEWIS
**DEFENDANT**

_____
T. KIRK TRUSLOW
418 B Main Street
P.O. Box 238
North Myrtle Beach, S.C. 29597
Telephone: (843) 280-9438
**ATTORNEY FOR THE DEFENDANT**